```
               IN THE UNITED STATES DISTRICT COURT
                          FOR THE
                 MIDDLE DISTRICT OF PENNSYLVANIA


HERBERT SPERLING,                   :
                                    :
          Petitioner                :
                                    :
     v.                             :  CIVIL NO. 3:CV-13-2278
                                    :
MONICA RECKTENWALD, WARDEN,         :  (Judge Conaboy)
                                    :
                                    :
          Respondent                :
```
_____

## MEMORANDUM

**Procedural Background**

Herbert Sperling filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while previously confined at the Allenwood Federal Correctional Institution, White Deer, Pennsylvania (FCI-Allenwood).[1]  Named as Respondent is FCI-Allenwood Warden Monica Recktenwald.  Service of the Petition was previously ordered.

The Petitioner is no stranger to this Court as he has filed multiple prior habeas corpus petitions stretching as far back as 1991.  See Sperling v. Keohane, Civil No. 3:91-1434 (Conaboy, J.)

In Sperling v. Zenk, Civil No. 3:CV-00-1478, Petitioner asserted that he was actually innocent of engaging in a

---

[1] The Bureau of Prisons' Inmate Locator tracking system indicates that Sperling is presently housed at the Federal Medical Center, Fort Devens, Massachusetts (FMC-Devens).

1

continuing criminal enterprise under the standards announced in Richardson v. United States, 526 U.S. 1 (1999). He argued his conviction should be overturned because Richardson mandates that a jury must be instructed to reach a unanimous verdict on each of the specific violations that comprise a continuing criminal enterprise.

By Memorandum and Order dated October 31, 2001, this Court dismissed Sperling's petition without prejudice on the basis that an application requesting leave to file a successive § 2255 motion was the only vehicle available to Petitioner. The decision was affirmed by the Third Circuit Court of Appeals on March 18, 2002. On October 6, 2003, the United States Supreme Court denied Sperling's petition for writ of certiorari.

A subsequent similar § 2241 action by Petitioner, Sperling v. Hogsten, Civil No. 3:07-CV-1116 (June 28, 2007) (Conaboy, J.) was dismissed as being a second or successive petition pursuant to 28 U./S.C. § 2244(a). On December 11, 2007, the Third Circuit Court of Appeals affirmed the dismissal.

On January 25, 2010, Petitioner filed a fourth § 2241 action, Sperling v. Ebbert, Civil No. 3:10-CV-191 with this Court. Therein, Petitioner argued that the Bureau of Prisons (BOP) improperly denied him eligibility for the Elderly Offender Home Detention Pilot Program (EOHDPP) By Memorandum and Order dated December 16, 2010 this Court agreed that Sperling was not

2

entitled to relief because he was precluded for eligibility for the EOHDPP because he was serving a term of life imprisonment. By decision dated July 20, 2011, the Court of Appeals affirmed the dismissal of that action.

Sperling has now filed a fifth § 2241 action with this Court which is ripe for consideration. Also pending is Petitioner's motion to expedite. See Doc. 14.

**Factual Background**

As previously discussed by this Court's prior rulings, Sperling was convicted, along with ten (10) other defendants, of drug offenses following a jury trial in the United States District Court for the Southern District of New York. The Petitioner was found guilty of conspiracy to violate narcotics laws (Count 1); engaging in a continuing criminal enterprise (Count 2); and three counts of possession with intent to distribute heroin and cocaine (Counts 8, 9, and 10). See United States v. Sperling, 530 F. Supp. 672, 674 (S.D. N.Y. 1972)(Sperling was described as being "the kingpin in a vast heroin and cocaine distribution enterprise"). On September 12, 1973, he was sentenced to a term of life imprisonment on Count 2, and concurrent thirty (30) year terms on the remaining counts.

In United States v. Sperling, 506 F.2d 1323, 1335 (2nd Cir. 1974), the United States Court of Appeals for the Second Circuit

reversed and remanded Sperling's convictions on Counts 8, 9, and 10. The Second Circuit Court of Appeals also remanded Count 1 for resentencing since that sentence was to run concurrently to the sentences imposed on the reversed counts. On May 16, 1975, Counts 8, 9, and 10 were nolle prossed. Petitioner was resentenced on Count 1 by the district court on May 17, 1976 to a thirty (30) year term to run concurrently with the previously imposed life sentence. See United States v. Sperling, 413 F. Supp. 845 (S.D.N.Y. 1976). The Second Circuit Court of Appeals subsequently vacated the sentence imposed on Count 1, on the basis that it was a lesser included offense in the continuing criminal enterprise charge (Count 2). However, the decision added that if the conviction for Count 2 was ever overturned, the Count 1 sentence was to be reinstated. See United States v. Sperling, 560 F.2d 1050, 1060 (2nd Cir. 1977). The Court of Appeals specifically noted that its decision left "undisturbed" the term of life imprisonment imposed for Count Two. Id.

In his pending action, Petitioner asserts that although he is serving a life sentence, pursuant to the provisions of 18 U.S.C. § 4206(d) he is entitled to release on parole or in the alternative an immediate parole hearing. His Petition explains that even though he is serving a life sentence since he has been in continuous custody for approximately forty (40) years without ever having a parole hearing, he is eligible for parole

4

consideration under § 4206(d) "which since has been abolished, but was in full effect when the petitioner was sentenced." Doc. 1, p. 2.

Respondent argues that Petitioner is not entitled to federal habeas corpus relief because he is not eligible for mandatory parole under § 4206(d). See Doc. 9, p. 2. The response asserts that Sperling was sentenced on September 12, 1973 prior to the effective date of § 4206(d) and the Sentencing Reform Act of 1984.[2] The Respondent concludes that since the Third Circuit Court of Appeals has already concluded that Petitioner's sentence was imposed under 21 U.S.C. § 848 "with no possibility of parole," he is not entitled to relief. Gallardo and Sperling v. Quinlan, 874 F.2d 186,188 (3d Cir. 1989)

### Discussion

Title 28, United States Code § 2241, vests the federal district courts with jurisdiction to grant a writ of habeas corpus to persons in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Federal

---

[2] In 1984 Congress passed the Sentencing Reform Act (SRA) which "replaced the federal system of indeterminate sentencing and parole with a system of determinate sentencing and no parole." Gallardo, 874 F. 2d at 187. The effective date of the SRA was extended to offenses committed after November 1, 1987.

Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). Review is available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

With respect to actions taken by the Parole Commission, the Court of Appeals for the Third Circuit has routinely recognized that a federal court's review of a decision issued by the Parole Commission is limited to an "abuse of discretion" standard. E.g., United States v. Friedland, 83 F.3d 1531, 1542 (3d Cir. 1996); Bridge v. United States Parole Comm'n, 981 F.2d 97, 105 (3d Cir. 1992). A federal district court needs only to consider whether the record provides a rational basis for the Parole Commission's ruling. Gambino v. Morris, 134 F.3d 156, 160 (3d Cir. 1998). It must ensure that the Parole Commission has followed appropriate criteria rational and consistent with its enabling status and that its "decisions are neither arbitrary and capricious nor based on impermissible considerations." Id. (citation omitted).

Sperling seeks relief under 18 U.S.C. § 4206(d) which provides that a person who has not been previously released on parole shall be released on parole after serving two thirds of each consecutive term or terms or after serving thirty years of each consecutive term or terms of more than forty-five years including any life term.

Petitioner was sentenced to a term of life imprisonment without parole on September 12, 1973.  See Doc. 9-1, Exhibit 1. His sentence was imposed pursuant to the kingpin provision of 21 U.S.C. § 848(c) and as such Sperling was not eligible for parole. See Graewe v. O'Brien, 2013 WL 676273 (N.D. W.Va. Feb. 25, 2013)(individual found guilty under § 848 prior to to November 1, 1987 committed a non-parolable offense)

§ 4206(d) was part of the Parole Commission and reorganization Act of 1976.  Thus, at the time of Sperling's sentencing in 1973, § 4206 had not yet been enacted.  The Petitioner has also not shown that § 4206(d) had retroactive effect.  Accordingly, Petitioner's vague assertion that § 4206(d) was in effect at the time of his sentencing lacks merit.

Based upon undisputed regulations submitted by the Respondent (Doc. 9-1, Exhibit 3) there was no provision for mandatory parole in place at the time the Petitioner was sentenced.  Furthermore, Congress clearly intended to make parole unavailable to persons convicted under § 848.  See United States v. Valenzuela, 646 F.2d 352, 354 (9th Cir. 1980)

The Petitioner's sentence under § 848(c) was clearly one for which release on parole was not allowed.  See Pray v. Holt, 338 Fed. Appx. 167, 168 (3d Cir. 2009)(parole is not available for a life sentence under § 848).  Since Sperling's sentence was imposed without parole, he is statutorily ineligible for

mandatory parole under § 4206(d).  See Gallardo, 874 F.2d at 187-88(Sperling committed a non-parolable offense); Graewe, 2013 WL 676273 * 2-3; United States v. Bello, 767 F.2d 1065, 1066-67 (4th cir. 1985).  Accordingly, Petitioner's request for federal habeas corpus relief will be denied.  An appropriate Order will enter.

                                            S/Richard P. Conaboy
                                            RICHARD P. CONABOY
                                            United States District Judge

DATED: JANUARY 28, 2015